Sven **ETZELSBERGER**, on Behalf of Himself and All Others Similarly Situated, Plaintiff,

v.

**FISKER AUTOMOTIVE, INC.**, Defendant.

No. SACV 13–00540–CJC(RNBx).

United States District Court, C.D. California, Southern Division.

Signed Aug. 15, 2013.

Gail Lin Chung, Jack A. Raisner, Rene S. Roupinian, Outten and Golden LLP, New YORK, NY, for Plaintiff.

Robert Alexander Pilmer, Kirkland and Ellis LLP, Los Angeles, CA, for Defendant.

### ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

CORMAC J. CARNEY, District Judge.

### I. INTRODUCTION

Plaintiff Sven Etzelsberger brings claims, on behalf of himself and others similarly situation, against Defendant Fisker Automotive, Inc. ("Fisker") for alleged violations of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq., and California Labor Code § 1400 et seq. (the "Cal–WARN Act") (together, the "WARN Acts"). Mr. Etzelsberger alleges that on April 5, 2013, Fisker terminated approximately 160 employees, including Mr. Etzelsberger, as part of mass layoffs and plant closings. (Dkt. No. 1 ["Compl."] ¶¶ 1, 10.) He alleges that Fisker failed to provide the terminated employees the proper notice or compensation as required under the WARN Acts. Before the Court is Mr. Etzelsberger's motion for class certification and related relief. (Dkt. No. 20.) Fisker does not oppose Mr. Etzelsberger's motion. (Dkt. No. 21.) For the reasons discussed below, Mr. Etzelsberger's motion for class certification and related relief is GRANTED.[1]

### II. BACKGROUND

Fisker designs, manufactures, and distributes electric vehicles. (Compl. ¶ 1.) Mr. Etzelsberger was employed by Fisker and worked at a Fisker facility located in Anaheim, California until he was terminated on April 5, 2013. (Compl. ¶ 7.) Mr. Etzelsberger alleges that his termination was part of mass layoffs and plant closings at several of Fisker's facilities, including the Anaheim facility. (Compl. ¶¶ 35–36.) As part of these mass layoffs and plant closings, Fisker allegedly terminated, without cause and without notice, approximately 160 employees. (Compl. ¶ 1.) Mr. Etzelsberger asserts that

---

1. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. See Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing set for August 19, 2013 at 1:30 p.m. is hereby vacated and off calendar.

under the WARN Acts Fisker was required to either provide each terminated employee 60 days' notice of the terminations or else provide each terminated employee with 60 days' wages and benefits.[2] Mr. Etzelsberger seeks to certify a class of "all other similarly situated former employees of [Fisker] who worked at or reported to one of [Fisker's] Facilities and were terminated without cause on or about April 5, 2013 and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by [Fisker] on that date...." (Compl. ¶ 10.) Mr. Etzelsberger additionally requests that the Court appoint him as class representative, appoint Outten & Golden LLP as class counsel, and approve the proposed notice to putative class members.

## III. ANALYSIS

### A. Legal Standard for Class Certification

■ "[D]istrict courts retain wide discretion in class certification decisions...." *Dukes v. Wal–Mart Stores, Inc.*, 603 F.3d 571, 594 (9th Cir.2010) *rev'd on other grounds*, —— U.S. ——, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011). Federal Rule of Civil Procedure 23(a) sets forth four requirements for maintenance of a class action. Under that rule, a class may only be certified if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). In addition, the party seeking certification must show that the action falls within one of the three subsections of Rule 23(b). In this case, Mr. Etzelsberger seeks certification pursuant to 23(b)(3). Rule 23(b)(3) permits certification of cases in which "the court finds that the questions of law or fact common to

class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3). Mr. Etzelsberger bears the burden of demonstrating that he has met the four requirements of Rule 23(a) as well as the predominance and superiority requirements of Rule 23(b)(3). *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir.2001), *amended by* 273 F.3d 1266 (9th Cir.2001).

### B. Rule 23(a) Requirements

#### 1. Numerosity

■ Numerosity is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Mr. Etzelsberger seeks to certify a class consisting of approximately 160 former Fisker employees that were terminated on or about April 5, 2013. The Court finds that joinder of 160 individuals is impracticable. Accordingly, the proposed class satisfies the numerosity requirement.

#### 2. Commonality

■ To prevail under Rule 23(a)(2)'s commonality inquiry, the plaintiff must establish common questions of law and fact among class members. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.1998). "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.* "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury, which does not mean merely that they have all suffered a violation of the same provision of law." *Wal–Mart Stores, Inc. v. Dukes*, —— U.S. ——, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011) (internal quotations

---

**2.** The WARN Act provides that employers within the scope of the Act "shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order." 29 U.S.C. § 2102(a). An employer who violates the WARN Act by failing to

provide timely notice is liable to each aggrieved employee for "back pay for each day of violation" and "benefits under an employee benefit plan...." 29 U.S.C. § 2104(a)(1). The Cal–WARN Act has essentially the same requirements.

omitted). The "claims must depend on a common contention" and "[t]hat common contention ... must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

■ Mr. Etzelsberger has satisfied the commonality requirement. Each class member was allegedly terminated without cause, without notice, and without compensation as part of the massive layoffs and plant closings occurring around April 5, 2013, in violation of the WARN Acts. (*See* Dkt. No. 20, Exh. A ["Etzelsberger Decl."] ¶¶ 5–6.) Because each class member has allegedly suffered the same injury based on the same common core of salient facts, there are numerous factual and legal questions that are common to the class. Specifically, there are common questions as to whether Fisker is a "covered employer" for purposes of the WARN Acts and whether the April 5, 2013 terminations were done in connection with a mass layoff or resulted from a plant closing. There are also a number of factual issues that typically would need to be resolved on an individual basis, but, under the specific circumstances of this case are capable of classwide resolution, including: whether the terminations were without cause; whether Fisker provided notice of the terminations; and whether Fisker provided 60–days' worth of wages and benefits to each terminated employee. Fisker has also asserted a number of affirmative defenses that present questions of fact and law common to all class members. Fisker, for example, asserts that it was exempt from providing notice under the WARN Acts on the grounds that: (1) "at the time that Plaintiffs were terminated and before, Fisker was actively seeking capital that, if obtained, may have enabled it to avoid or postpone a 'plant closing' "; (2) "Fisker constituted a 'faltering company' and/or Plaintiff's termination was caused by business circumstances that were not reasonably foreseeable at the time the notice would have been required"; (3) "Fisker acted in good faith and had reasonable grounds for believing that its alleged acts and omissions were not a violation" of the WARN Act; and (4) "Plaintiff's termination

resulted from unforeseen business circumstances." (Dkt. No. 14 ["Answer"] at 12–14.) Each of these issues can be determined on a classwide basis, and, if proven true, would likely absolve Fisker of all liability under the WARN Acts. As a result, the Court finds that Mr. Etzelsberger has satisfied the commonality requirement.

### 3. Typicality

■ Rule 23(a)(3) requires that the "claims and defenses of the representative parties are typical of the claims or defense of the class." Representative claims are "typical" if they are "reasonably coextensive with those of the absent class members; they need not be substantially identical." *Hanlon,* 150 F.3d at 1020. A named plaintiff must also be a member of the class he represents. *Id.* Here, Mr. Etzelsberger is a member of the proposed class and his claims have the same essential characteristics as the claims of the class at large. He asserts that he and the other proposed class members were all terminated without cause as part of the same mass layoffs and plant closings. He also asserts that he, like the other proposed class members, was not given notice of the termination and was not otherwise compensated. Accordingly, the Court finds that Mr. Etzelsberger has satisfied the typicality requirement.

### 4. Adequacy

Under Rule 23(a)(4)'s adequacy requirement, a plaintiff must establish that he "will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). In determining whether a proposed class representative will fairly and adequately protect the interests of the class, a court must determine: (1) whether the proposed class representative and his counsel "have any conflicts of interest with other class members," *Staton v. Boeing Co.,* 327 F.3d 938, 957 (9th Cir. 2003) (citing *Hanlon,* 150 F.3d at 1020); and (2) whether the proposed class representative and his counsel "prosecute the action vigorously on behalf of the class," *id.* There is no evidence that Mr. Etzelsberger or his counsel have any conflicts of interest with

proposed class members. Indeed, Mr. Etzelsberger's claims, as explained with respect to the typicality requirement, are aligned with the claims of proposed class members. As a result, Mr. Etzelsberger has the same incentives as the absent class members to obtain relief for Fisker's alleged violations of the WARN Acts. Moreover, Mr. Etzelsberger has retained competent counsel. His counsel has substantial WARN Act class action experience and is more than capable of fairly and adequately representing Mr. Etzelsberger and the proposed class. (*See* Dkt. No. 20, Exh. B ["Roupinian Decl."] ¶ 14.) Accordingly, the Court finds that Mr. Etzelsberger has satisfied the adequacy requirement.

### C. Rule 23(b)(3) Requirements

In addition to the requirements of Rule 23(a), a proposed class must satisfy one of the three requirements under Rule 23(b). Mr. Etzelsberger seeks certification pursuant to Rule 23(b)(3), which requires that "the court find[ ] that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.*

#### 1. Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). It is similar to the commonality requirement of Rule 23(a)(3). *Id.* at 623 n. 18, 117 S.Ct. 2231. But predominance is a more rigorous requirement than the Rule 23(a)(3) commonality prerequisite. *Hanlon,* 150 F.3d at 1019. The "main concern in the predominance inquiry ... [is] the balance between individual and common issues." *Mevorah v. Wells Fargo Home Mortg. (In re Wells Fargo Home Mortg. Overtime Pay Litig.),* 571 F.3d 953, 959 (9th Cir.2009). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon,* 150 F.3d at 1022 (internal quotation marks omitted).

Mr. Etzelsberger has sufficiently shown that common questions of law and fact will predominate. Litigation of this case will focus primarily on whether Fisker is a covered employer under the WARN Act, whether the terminations were related to plant closings or mass layoffs, whether Fisker provided notice to terminated employees, and whether Fisker otherwise provided adequate compensation. There is no evidence or indication that potential class members were treated uniquely with respect to any of these issues. Indeed, it appears that each class member was treated in the same or similar manner pursuant to a common plan implemented by Fisker. Additionally, Fisker could potentially defeat the claims of the entire class if it proves that it was actively seeking capital that would have allowed it to avoid or postpone a plant closing, it was a faltering company, the business circumstances necessitating the terminations were not foreseeable, or it acted in good faith and had reasonable grounds for believing that it was not acting in violation of the WARN Acts. Accordingly, the Court finds that the predominance requirement is clearly satisfied.

#### 2. Superiority

A class action is the superior method for resolving a controversy "[w]here classwide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter–Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir.1996). It is also superior when "no realistic alternative" to a class action exists. *Id.* at 1234–35. In deciding whether a class action would be a superior method for resolving the controversy, the Court considers factors including: (1) the class members' interest in individually controlling the prosecution or defense of separate actions, (2) the extent and nature of any litigation concerning the controversy already begun by or against class members, (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and (4) the likely difficulties in man-

aging a class action. Fed.R.Civ.P. 23(b)(3)(A)–(D).

■ These factors clearly favor classwide resolution of the WARN Act claims. There is no evidence suggesting that other class members have any interest in individually controlling the prosecution of separate actions. It also does not appear that any other actions have been filed concerning the claims at issue in this case. The amount of damages for each individual employee—60 days' pay plus benefits—is relatively small. As a result, there is little incentive for each class member to pursue his or her claims on an individual basis. Concentrating the WARN Act litigation in a class action will also promote judicial economy and avoid duplicate efforts in multiple suits, especially considering that all of the major issues in dispute are subject to common proof. It would be a tremendous waste of resources to litigate these issues multiple times in multiple forums, and would increase the likelihood that courts and juries would reach inconsistent decisions. Finally, there are not likely to be many difficulties in managing this class action. The proposed class members are easy to identify and are likely concentrated in a relatively small geographic area. Moreover, because all of the major issues in dispute are subject to common proof, the scope of the class action will not be much greater than if Mr. Etzelsberger were to pursue his claims on an individual basis. Accordingly, the Court finds that Mr. Etzelsberger has satisfied all the requirements for class certification.

### D. Appointment of Class Counsel

■ Mr. Etzelsberger moves to appoint Outten & Golden LLP as class counsel. When appointing class counsel, the Court must consider the work performed by counsel so far in the action, counsel's experience in handling class actions and complex litigation, counsel's knowledge of the applicable law, and the resources that counsel will commit to representing the class. *See* Fed. R.Civ.P. 23(g)(1)(A). Here, Outten & Golden LLP has substantial experience litigating class action cases, including experience in at least 75 WARN ACT cases. (Roupinian Decl. ¶ 14.) Indeed, Outten & Golden LLP

has a practice group devoted entirely to WARN Act cases. (Roupinian Decl. ¶ 14.) Thus far, Outten & Golden LLP has diligently prosecuted this action by investing the facts, researching the law, and filing a complaint and motion for class certification. (*Id.* ¶ 13.) The Court is therefore confident that Outten & Golden LLP will adequately represent the interests of the class. Accordingly, the Court appoints Outten & Golden LLP as class counsel.

### E. Appointment of Class Representative

■ Mr. Etzelsberger requests that the Court appoint him as class representative. For the reasons discussed in connection with the typicality requirement of Rule 23, the Court finds that Mr. Etzelsberger's interests are aligned with those of the putative class members, and there is no evidence that this action is collusive. Mr. Etzelsberger represents that he has actively assisted in the prosecution of this action and is "eager and willing to prosecute this action on behalf of the other former employees." (Etzelsberger Decl. ¶ 9.) Accordingly, the Court appoints Mr. Etzelsberger as class representative.

### F. Notice

Mr. Etzelsberger asks that the Court approve the proposed form and manner of notice to be sent to putative class members. Under Federal Rule of Civil Procedure 23, the notice must "clearly and concisely state, in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that the class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion, and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed.R.Civ.P. 23(c)(2)(B).

Mr. Etzelsberger represents that notice will be mailed to the last known address of each proposed class member. The proposed notice, attached as Exhibit C to Mr. Etzelsberger's motion, provides clear information about the nature of the action, the definition

of the class, the class claims, issues, and defenses, and the binding effect of class judgments. It additionally provides that proposed class members may be excluded from the class by mailing an enclosed form to Outten & Golden LLP within 30 days. The notice, however, is somewhat confusing as to each class member's right to appear by his or her own counsel. The current wording of the notice makes it seem that a class member may only make an appearance in order to object to a proposed settlement. To clarify the issue, the notice should be amended to include the following paragraph:

If you wish to be a member of the class, you do not need to do anything and you will receive whatever benefits you, as a Class Member, may be entitled to receive. If you do nothing, you will automatically be a Class Member and be bound by any judgment (whether favorable or unfavorable) or court-approved settlement in the case. You may also appear in this case by your own counsel if you are a Class Member. Before court approval of any settlement in this case, you, as a Class Member, will receive notice of any proposed settlement and will be afforded an opportunity to object to the settlement.

The Court finds that, with the above changes, the proposed notice is appropriate under Federal Rule of Civil Procedure 23(c)(2)(B). The Court directs that the notice be distributed to the proposed class members according to the method provided in Mr. Etzelsberger's motion.

## IV. CONCLUSION

For the foregoing reasons, Mr. Etzelsberger's motion for class certification is GRANTED. The Court hereby appoints Mr. Etzelsberger as class representative and Outten & Golden LLP as class counsel. The Court additionally approves the proposed notice to class members provided that it is modified to reflect the change identified by the Court.